**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3250

WRITER'S DIRECT FACSIMILE
(212) 492-0250

WRITER'S DIRECT E-MAIL ADDRESS
lreisner@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

20 AIR STREET
LONDON W1B 5AN, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

2029 CENTURY PARK EAST, SUITE 2000
LOS ANGELES, CALIFORNIA 90067-3006
TELEPHONE (310) 982-4350

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1313 NORTH MARKET STREET, SUITE 806
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
WILL AITKEN-DAVIES*
JARRYD E. ANDERSON
STEFAN ARNOLD-SOULBY*
JONATHAN H. ASHTOR
ROBERT A. ATKINS
KANESH BALASUBRAMANIAM*
SCOTT A. BARSHAY
PAUL M. BASTA
LYNN B. BAYARD
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
PAUL D. BRACHMAN
ROBERT A. BRITTON
BRAD BROWN
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
JOHN P. CARLIN
DAVID CARMONA
BONNIE CHEN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
REBECCA S. COCCARO
JAY COHEN
KELLEY A. CORNISH
TIMOTHY CRUICKSHANK
CHRISTOPHER J. CUMMINGS
THITIKA DAGNEW
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
CAROLINE B. EPSTEIN
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
KATHERINE B. FORREST
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
MANUEL S. FREY
DAVID P. FRIEDMAN
MATTHEW R. FRIEDMAN
KENNETH A. GALLO
REUVEN P. GARRETT
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
BENJAMIN GOODCHILD
MARTHA L. GOODMAN
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
JOE GRAHAM
BRIAN S. GRIEVE
UDI GROFMAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
IAN M. HAZLETT
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
CHRISTOPHER HOPKINS
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM H. ISAACSON*
SOHAIL ITANI
JAREN JANGHORBANI
BRIAN M. JANSON
LUKE JENNINGS
JEH C. JOHNSON
ROGER JOHNSON*
DEIRDRE JONES*
MATTHEW B. JORDAN
CHRISTODOULOS KAOUTZANIS
BRAD S. KARP
JOHN C. KENNEDY
ROBERT A. KILLIP
BRIAN KIM
KYLE J. KIMPLER

ROBERT A. KINDLER
ALEXIA D. KORBERG
NINA KOVALENKO
DANIEL J. KRAMER
ANDREW D. KRAUSE
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
MATTHEW N. LEIST*
XIAOYU GREG LIU
TIMOTHY LOWE*
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
ELIZABETH R. MCCOLM
ANNE MCGINNIS
JEAN H. MCLOUGHLIN
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
MATTHEW MERKLE
WILLIAM B. MICHAEL
SEAN A. MITCHELL
ERIN J. MORGAN
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
CIAN O'CONNOR*
BRAD R. OKUN
SUNG PAK
CRYSTAL L. PARKER
LINDSAY B. PARKS
ANDREW M. PARLEN
JOHN PATTEN*
DANIELLE C. PENHALL
CHARLES J. PESANT
ANASTASIA V. PETERSON
ANDREAS PHILIPSON*
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
RAVI PUROHIT
VALERIE E. RADWANER
JEFFREY J. RECHER
LORIN L. REISNER
JEANNIE S. RHEE*
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
NEEL V. SACHDEV*
JEFFREY B. SAMUELS
AARON J. SCHLAPHOFF
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM
SCOTT A. SHER*
SUHAN SHIM
MARIAN S. SHIN
ANUSHA SIMHA
CULLEN L. SINCLAIR
MAURY SLEVIN
KYLE SMITH
AUDRA J. SOLOWAY
SCOTT M. SONTAG
JOSHUA H. SOVEN*
MEGAN SPELMAN
ROBERT Y. SPERLING
EYITAYO ST. MATTHEW-DANIEL
SARAH STASNY
BEN STEADMAN
AIDAN SYNNOTT
ROBERT D. TANANBAUM
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
ANDREA WAHLQUIST BROWN
JOHN WEBER
ERIC J. WEDEL
THEODORE V. WELLS, JR.
SAMUEL J. WELT
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B WLAZLO
STACI YABLON
BOSCO YIU*
TONG YU
KENNETH S. ZIMAN
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

February 12, 2024

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *SEC v. Virtu Financial, Inc.*, No. 1:23-cv-08072 (JGK)

Dear Judge Koeltl:

Our firm represents Virtu Financial, Inc. ("VFI") and Virtu Americas LLC ("VAL") (collectively, "Virtu" or "Defendants"), in the above-referenced action. Pursuant to Rules I.F and VI.A.2 of Your Honor's Individual Practices, we respectfully request the Court's permission to again file under seal four exhibits (the "Exhibits") to the Declaration of Lorin L. Reisner in Support of Defendants' Motion to Dismiss the Amended Complaint, which is being filed today. Plaintiff Securities and Exchange Commission consents to this motion.

**APPLICATION GRANTED**
**SO ORDERED**

2/12/04

John G. Koeltl, U.S.D.J.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Case 1:23-cv-08072-JGK   Document 38   Filed 02/12/24   Page 2 of 3
Case 1:23-cv-08072-JGK   Document 33   Filed 02/12/24   Page 2 of 3

2

Virtu filed a substantively identical application to seal the same Exhibits in support of Virtu's first Motion to Dismiss on December 4, 2023, ECF No. 21, which the Court granted on December 5, 2023 ECF No. 26. For the reasons discussed in Virtu's first letter motion, and reiterated below, the Exhibits should be sealed because they consist of confidential and proprietary business information.

Courts may seal records under their "inherent equitable powers . . . over their own process, to prevent abuses, oppression, and injustices." *Int'l Prods. Corp.* v. *Koons*, 325 F.2d 403, 407–08 (2d Cir. 1963) (quotation marks omitted). While there is a "common law presumption of access" to judicial documents, *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the "weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Lugosch*, 828 F.2d at 119–20). Records may be sealed on a finding that doing so is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The Exhibits that Defendants request to file under seal concern non-public, proprietary and commercially sensitive information contained in Virtu's internal policies and training manuals. This Circuit has long recognized that a party's interest in protecting confidential business information outweighs the presumption of access. *See Standard Inv. Chartered, Inc.* v. *Fin. Indus. Reg. Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009) (protecting confidential business information). Publicly filing the materials at issue would place Virtu at a competitive disadvantage by disclosing its training materials, which Virtu has spent significant time and effort to develop. It also would reveal confidential and proprietary information about Virtu's business operations. Courts in this Circuit routinely find that the risk of revealing confidential business information that will place a party at a competitive disadvantage is a sufficient basis to overcome the presumption of access. *See, e.g.*, *JMG Improvements, Inc* v. *Arch Specialty Ins. Co.*, 2021 WL 3173022, at *3 (S.D.N.Y. July 26, 2021) (insurance company's interest in "protecting itself from a competitor's obtaining unfettered access to its processes regarding claim handling" outweighed presumption of access); *Skyline Steel, LLC* v. *PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (granting request to seal documents that would reveal confidential sales and pricing information, and details of the plaintiff's negotiations with clients); *Hesse* v. *SunGard Systems Int'l*, 2013 WL 174403, at *2–3 (S.D.N.Y. Jan. 14, 2013) (granting request to seal produced emails reflecting "sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing, as well as details of specific projects completed for several clients").

Additionally, the Exhibits contain extensive information concerning Virtu's information security practices, another category of confidential business information warranting protection. *See CBF Industria de Gusa S/A* v. *AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) ("protecting a company's IT information fits

Case 1:23-cv-08072-JGK Document 38 Filed 02/12/24 Page 3 of 3
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Case 1:23-cv-08072-JGK Document 33 Filed 02/12/24 Page 3 of 3

3

comfortably within other 'higher values' consistently recognized by courts in this Circuit" that can prevail over the presumption of public access); *see also Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *6–7 (S.D.N.Y. Nov. 18, 2020) (identifying "IT information" within the category of "business information" warranting protection).

Finally, Defendants' request is narrowly tailored and will not impede the public's access to information relevant to this litigation. The Amended Complaint references and quotes from narrow portions of the policies and training manuals included in the Exhibits. Defendants' Motion to Dismiss the Amended Complaint similarly references and quotes from these same portions—and closely related portions—of these documents. Defendants are not seeking to redact any of these references and quotations in the briefing. And the vast majority of the information contained in the Exhibits has no bearing on Plaintiff's claims or Defendants' motion. Because there is little to no public interest in disclosure of information not at issue in the case, *see Alto v. Sun Pharm. Indus., Inc.*, 2021 WL 4480952, at *1 (S.D.N.Y. Sept. 30, 2021) (granting sealing motion where public interest in pages of lab notebooks that described "experiments and data on projects other than the products at issue in this case" was "low"), Defendants' narrowly tailored motion should be granted.

For the foregoing reasons, Defendants respectfully request that the Court again grant Defendants' unopposed motion and permit Defendants to file under seal the Exhibits to the Declaration of Lorin L. Reisner in Support of Defendants' Motion to Dismiss the Amended Complaint. We appreciate the Court's consideration and are available to address this request further if necessary at the Court's convenience.

Respectfully yours,

*/s/ Lorin L. Reisner*

Lorin L. Reisner

cc: All counsel (via ECF)