UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

VIRTU FINANCIAL INC. and VIRTU AMERICAS LLC,

Defendants.

No. 1:23-cv-8072 (JGK)

---

**CONSENT OF DEFENDANT VIRTU AMERICAS LLC**

1. Defendant Virtu Americas LLC ("VAL") ("Defendant") acknowledges having been served with the Amended Complaint (ECF No. 28) in this action and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Amended Complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 15(g) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78o(g)]; and

    (b) orders Defendant to pay a civil penalty in the amount of $2,500,000.00 under Section 21(d)(3) of the Exchange Act in resolution of the Section

1

15(g) claim.

3. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that VAL pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. VAL further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that VAL pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court

for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Virtu Americas LLC

By: _____
Thomas M. Merritt
Authorized Person
Virtu Americas LLC
1633 Broadway, 41st Floor
New York, NY 10019

On September 17, 2025, Thomas M. Merritt, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Virtu Americas LLC as its Authorized Person.

Diane M. Boyles
Notary Public, District of Columbia
My Commission Expires April 30, 2028

Notary Public
Commission expires:

Approved as to form:

_____
Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 373-3566
Attorney for Defendant

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>VIRTU FINANCIAL INC. and VIRTU AMERICAS LLC,<br><br>                    Defendants. | No. 1:23-cv-8072 (JGK) |

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS
VIRTU FINANCIAL INC. AND VIRTU AMERICAS LLC**

**I.**

**WHEREAS**, the Securities and Exchange Commission (the "Commission") having filed an Amended Complaint (ECF No. 28);

**WHEREAS**, Defendants Virtu Financial, Inc. ("VFI") and Virtu Americas LLC ("VAL") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying any of the allegations in the Amended Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant VAL is permanently restrained and enjoined from violating, directly or indirectly, Section 15(g) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78o(g)].

1

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) VAL's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with VAL or with anyone described in (a).

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant VAL shall pay a civil penalty in the amount of $2,500,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act in resolution of the Section 15(g) claim. Defendant VAL shall make this payment within 30 days after entry of this Final Judgment.

VAL may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  VAL may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Virtu Americas LLC as defendant in this action; and specifying that payment is made by VAL pursuant to this Final Judgment.

VAL shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By VAL making this

2

payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to VAL.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  VAL shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that except as otherwise stated in this Final Judgment and the Consents of Defendants dated September 17, 2025 (the "Consents"), which are incorporated herein with the same force and effect as if fully set forth herein, the Court hereby dismisses with prejudice all other claims and relief sought in this action based on the conduct alleged in the Complaint through the date of this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
Honorable John G. Koeltl
United States District Judge

3